The bill in this case is filed by complainant to restrain the defendant corporation from engaging in the business of buying, selling or delivering coal within the limits defined in a restrictive covenant, entered into by the defendant as part of the terms of sale of a certain portion of its business to the complainant in the year 1920. The covenant appears in both the agreement to sell and the bill of sale (dated March 1st, 1920) in practically the same form; and its pertinent provisions, applicable to the present proceeding, are to the effect that the defendant, for itself, its successors and assigns, will not "engage, directly or indirectly, as principal, agent or investor in the business of buying, selling or delivering coal for consumption within the limits of the city of Jersey City, and the territory adjacent thereto, which may be conveniently *Page 410 
served by wagon, deliveries from Jersey City [not including, however, the city of New York] for a period of twenty years from the date hereof. Nothing herein contained, however, shall be deemed in any way to bind or affect William Horre Company of Hoboken, or the interest of Burns Brothers therein."
Subsequently, the defendant, according to the contention of the complainant, essayed to conduct a competitive business with complainant within the limits specified in the prohibited area, and thereupon complainant sought injunctive relief in this court. A rule to show cause why a preliminary injunction should not issue was allowed with ad interim restraint. Upon the return of the rule the restraining order was continued to final hearing by acquiescence of the parties, thus avoiding the formality of the issuance of a preliminary injunction.
Upon final hearing the proofs adduced satisfied me that the defendant had clearly signified its intention to engage in business within the restricted territory, in disregard of the terms of its covenant, unless prevented by the injunctive powers of this court.
It is the contention of the defendant, however, that the true construction of the restrictive obligation does not prevent it from invading the territory specified in the covenant; and the basis of its contention in this respect seems to be that the covenant in its entirety is too vague and uncertain to admit of specific application; and that it is indivisible in its nature, and that, therefore, the covenant should not be enforced.
To my mind, however, it seems clear that the defendant sold the business in question to the complainant and took its pay therefor, which it still retains. Under the law applicable to that situation I think that the covenant "was clearly necessary for the protection of the business as it existed at the time of the sale, and to that extent is not in opposition to public policy, and may be enforced." Fleckenstein Bros. Co. v.Fleckenstein, 76 N.J. Law 613; Trenton Potteries Co. v.Oliphant, 58 N.J. Eq. 514. *Page 411 
The proofs also clearly indicate to my mind the nature and extent of the business conducted by the defendant at the time of the sale, and the general territory within which it was conducted, and within which it was the undoubted intent of the parties that the vendee's operations should be protected by the terms of the restrictive covenant agreed to. The restraint is neither total nor perpetual. It is limited in area and in the time of its operation. It seems to me to be reasonable both as to territory and duration, and no more than is necessary to protect the vendee in the enjoyment and pecuniary advantage of the business purchased, and for which the consideration between the parties was paid, and which is still retained by the defendant.
Under these circumstances I am convinced that the prayer of the complainant's bill should be granted, and I will advise a decree accordingly. The terms of the decree may be settled upon application.